IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COOKE B. CHRISTOPHER,       ) | |
| Petitioner,       ) | |
|         ) | |
| v.       ) | No. 3:08-CV-1083-K |
|         ) | No. 3:03-CR-232-K |
| UNITED STATES OF AMERICA,       ) | ECF |
| Respondent.       ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255 and Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.  Procedural background

Petitioner was charged in an eighty-eight count indictment with: (1) Mail Fraud, in violation of 18 U.S.C. § 1341; (2) Bank Fraud, in violation of 18 U.S.C. § 1344; (3) Securities Fraud, in violation of 15 U.S.C. § 77q(a) and 77(x); (4) Conspiracy, in violation of 18 U.S.C. § 371; (5) Investment Advisor Fraud, in violation of 15 U.S.C. 80b-6(1) and (2), and 80b-17; (6)  False Statements to a Financial Institution, in violation of 18 U.S.C. § 1014 and 2(b); (7) Wire Fraud, in violation of 18 U.S.C. § 1343; (8) Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); (9) False Entries in Books and Records of a Financial Institution, in violation of 18 U.S.C. § 1005; (10) Obstructing Examination of a Financial Institution, in violation of 18 U.S.C. 1517;

and (11) a Continuing Financial Crimes Enterprise, in violation of 18 U.S.C. § 2255.

Pursuant to a plea agreement, on April 28, 2005, Petitioner pled guilty before the magistrate judge to one count of mail fraud in violation of 18 U.S.C. § 1341. On May 12, 2005, the District Court accepted Petitioner's plea of guilty. On June 26, 2007, the District Court sentenced Petitioner to five years imprisonment and two years supervised release. The Court did not order restitution. Pursuant to the plea agreement, the government dismissed the remaining eighty-seven counts in the indictment. Petitioner did not file a direct appeal.

On June 26, 2008, Petitioner filed the instant petition. He argues that he received ineffective assistance of counsel which rendered his guilty plea involuntary. He states his counsel did not inform him that he could request a structured sentenced whereby his term of custody would include community custody or home confinement. He argues that if he had known about this possibility, he would have insisted that his counsel pursue this possibility either during plea negotiations or before the Court at sentencing. (Pet. Mem. at 4). He seeks a correction or clarification of his sentence to order that his sentence include community confinement or home detention and he seeks an order that he be placed in community confinement or home detention for the balance of his sentence.

## II.  Discussion

Petitioner states he brings this petition under 28 U.S.C. § 2255 and 28 U.S.C. § 2241.  To the extent that Petitioner challenges his guilty plea, his claims arise under § 2255.  *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (finding § 2255 is the primary means of collaterally attacking a federal sentence); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (finding a petition that attacks errors occurring at trial or sentencing is properly construed as a § 2255).

### A.  Ineffective Assistance of Counsel

Petitioner argues his counsel was constitutionally ineffective for failing to negotiate a structured sentence during plea negotiations and/or to request a structured sentence at sentencing.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove

such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(1) Plea Negotiations**

Petitioner argues his counsel was ineffective because he did not inform Petitioner that Petitioner could seek a structured plea agreement whereby part of his sixty month confinement would be served in community confinement and/or home detention. He states that if his counsel had informed him of this possibility he would have "insisted his counsel pursue such options in the negotiations leading up to his plea agreement . . . ." (Pet. Mem. at 4).

Even if the Court assumes that defense counsel did not argue for a structured sentence during plea negotiations, and that such failure constitutes deficient performance, Petitioner has failed to show he was prejudiced by counsel's actions. Petitioner has failed to submit any evidence that had his counsel argued for a structured sentence during plea negotiations, the government would have agreed to include a structured sentence in the plea agreement.

Further, under the prejudice prong of *Strickland*: "the question is not whether [Petitioner] would have received a better deal with effective representation, but whether he would have rejected the deal offered and gone to trial." *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986). In this case, Petitioner does not allege he would have rejected the plea offer and insisted on going to trial if he had know his counsel could have argued for a structured sentence in plea negotiations and that his counsel failed to do so.

**(2) Sentencing**

Petitioner also argues his counsel was ineffective at sentencing. He states that if he had known he could request a structured sentence, "he would have insisted his counsel . . . argue vigorously for a sentence explicitly combining imprisonment, community confinement and home detention at the time of sentencing." (Pet. Mem. at 4). The record shows, however, that defense counsel did argue at sentencing that Petitioner should be sentenced to either community confinement or home detention for the last twelve months of his sentence. (Sentencing Tr. at 128). The Court declined to alter the plea agreement and instead sentenced Petitioner to sixty months imprisonment. The Court stated:

> And this is a case of 11(c)(1)(C). I've not seen any reason or heard anything today to not affirm that agreement. And so I'm going to sentence within that agreement.
>
> \* \* \* \*
>
> I think this is an appropriate sentence. I don't think I need to justify it since it was an 11(c)(1)(C), but I do think this was an expensive mail fraud

scheme. And I think both of you-all were involved in this. I think both of y'all knew what was going on and that you weren't disclosing this and that you were providing statements that didn't disclose that. It went on for a long period of time.

But I think that this sentence provides an appropriate amount of punishment and deterrence for your conduct.

(Sentencing Tr. at 129, 131-32).

Petitioner has failed to show he received constitutionally deficient assistance of counsel and that he was prejudiced by counsel's performance.

**B.     Guilty Plea**

Petitioner argues his guilty plea was not voluntarily and knowingly entered. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Fed. R. Crim. P. 11 is "a realistic understanding of the consequences of a guilty plea").

Courts considering challenges to guilty plea proceedings "have focused on three

core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

Additionally, prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents.  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed the plea agreement and factual resume.  (Docket nos. 128 and 127).  The plea agreement included an express declaration that the "plea

of guilty is freely and voluntarily made and is not the result of threats or of promises apart from those set forth in this plea agreement." (Plea Agreement at 4 ¶ 10).  In the plea agreement, Petitioner acknowledge that the parties agreed to "a term of imprisonment of (60) sixty months" and that "[i]f the Court accepts this plea agreement, this provision is binding on the Court."  (*Id*. at 2, ¶ 4).  Petitioner also acknowledged that he understood the nature and elements of the crime to which he was pleading guilty and that:

> Christopher has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Christopher has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.  Because he concedes he is guilty, and after conferring with his lawyer, Christopher has concluded that it is in his best interest to enter into this plea agreement and all its terms rather than to proceed to trial in this case.

(*Id*. at 5, ¶ 12).

In the factual resume, Petitioner admitted that: (1) he knowingly created a scheme to defraud, as alleged in the superceding indictment; (2) he acted with the specific intent to defraud; (3) he mailed something, or caused another person to mail something, through the United States Postal Service for the purpose of carrying out the scheme alleged in the superceding indictment; and (4) the scheme to defraud employed false material representations.  (Factual Resume at 1).

At the rearraignment hearing before the magistrate judge, Petitioner admitted he understood the constitutional rights he was voluntarily giving up by pleading guilty.

(Rearraignment Tr. at 5-6). He testified that he understood the elements of the charges and that he admitted to committing each one. (*Id*. at 13). He testified that he entered the plea agreement voluntarily, of his own free will, and without any threats or force. (*Id*. at 14-16). The magistrate judge found Petitioner's plea of guilty was knowing and voluntary, and made with the understanding of the charges and the maximum penalties involved. (*Id*. at 17, 20). The magistrate judge recommended that Petitioner's guilty plea be accepted. Petitioner did not file objections to this recommendation. On May 12, 2005, the District Court accepted Petitioner's plea of guilty. Finally, at the sentencing hearing, Petitioner stated he did not wish to withdraw his guilty plea. (Sentencing Tr. at 66, 81).

Petitioner has not shown that his guilty plea was involuntarily or unknowingly entered. The Court hereby DENIES Petitioner's § 2255 claims.

**C.**     **§ 2241 Claims**

Petitioner states he also brings this petition pursuant to 28 U.S.C. § 2241. Title 28 U.S.C. § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). In this case, Petitioner seeks an order that he be placed in community custody or home confinement. He therefore challenges the manner in which his sentence is executed. *See Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091 at *3-4 (N.D. Tex. March 28, 2007) (finding § 2241 is the proper vehicle for challenging where a federal sentence should be served); *United States v.*

*Wooderts*, 3:97-CR-0054-D, 2007 WL 549406 at *1 (N.D. Tex. Feb. 21, 2007) (stating § 2241 provides the proper vehicle for challenges to the execution of a federal sentence, such as designating the place of confinement); *Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006) (same); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (holding that challenge to place of imprisonment, not fact of federal conviction, is properly brought under § 2241).

Petitions under § 2241, however, "must be filed in the district where the prisoner is incarcerated." *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001). In this case, Petitioner is incarcerated California. The Court therefore has no jurisdiction over Petitioner's § 2241 claims. Petitioner's § 2241 claims are therefore DISMISSED without prejudice.

## III. Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice and Petitioner's § 2241 claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Signed this 31st day of August, 2009.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE